IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| BENJAMIN LESHAWN COOPER, | ) | |
| Petitioner, | ) ) ) | CIVIL ACTION NO.: CV509-038 |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | (Case No.: CR592-029) |
| Respondent. | ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Benjamin LeShawn Cooper ("Petitioner"), who is currently incarcerated at the Federal Correctional Institution in Miami, Florida, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response, and Petitioner filed a Reply. For the reasons which follow, Petitioner's Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

The following background information comes from a Report and Recommendation issued in Petitioner's prior § 2255 action:

> On April 16, 1993, in Case Number CR592-29, a jury found petitioner guilty of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. § 846, and possession and use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). On June 16, 1993, petitioner was sentenced to consecutive terms of 360 months on the conspiracy charge and 60 months on the firearms charge. Petitioner was also sentenced to concurrent supervised release terms of five years on the conspiracy charge and three years on the firearms charge. Petitioner's sentence on the conspiracy charge was reduced *sua sponte* to 292

months due to a retroactive amendment of U.S.S.G. § 2D1.1, reducing his total sentence to 352 months.

> Petitioner and eight other co-defendants appealed their convictions, alleging inter alia that the sentencing court applied the 1992 version of U.S.S.G. § 1B1.3 instead of the 1993 version, and held them accountable for too much cocaine. On October 26, 1995, the Eleventh Circuit . . . affirmed petitioner's sentence . . .

(CV596-60, Doc. No. 12, pp. 1-4) (citations omitted). Petitioner asserted that his sentence should have been vacated because his predicament was similar to that of his co-appellants, who were successful on appeal. (Id). After considering various supplemental pleadings, the Court denied Cooper's § 2255 motion. (Id. at Doc. Nos. 12, 15). Cooper now has filed this instant successive 28 U.S.C. §2255 motion claiming that the "district court was lack [sic] jurisdiction to impose a sentence for an offense not charged in the indictment..." (Doc. No. 1, p. 7).

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires the movant to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a petitioner's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

This Court lacks jurisdiction to consider Petitioner's motion, as Petitioner has presented no evidence that he has obtained permission from the Eleventh Circuit to file this successive § 2255 motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Petitioner's motion to set aside, vacate, or correct his sentence, brought pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2nd day of February, 2010.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

3